**MLG AUTOMOTIVE LAW, APLC**
A Professional Law Corporation
Jonathan A. Michaels, Esq. – State Bar No. 180455
Kathryn J. Harvey, Esq. – State Bar No. 241029
Kristen R. Rodriguez, Esq. – State Bar No. 289668
2801 W. Coast Highway, Suite 370
Newport Beach, CA 92663
T. (949) 581-6900
F. (949) 581-6908
(jmichaels@mlgautomotivelaw.com)
(kharvey@mlgautomotivelaw.com)
(krodriguez@mlgautomotivelaw.com)

Attorneys for Plaintiff,
Stacey Allen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STACEY ALLEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US LLC, a Delaware limited liability company; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.<br><br>**[JURY TRIAL DEMANDED]**<br><br>**COMPLAINT FOR:**<br><br>1. **PRODUCTS LIABILITY – NEGLIGENCE;**<br>2. **PRODUCTS LIABILITY – NEGLIGENT DESIGN;**<br>3. **PRODUCTS LIABILITY – FAILURE TO WARN;**<br>4. **BREACH OF EXPRESS WARRANTY;**<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; AND**<br>6. **VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT OF 1977.** |

# PARTIES

1. At all times mentioned in this Complaint, Plaintiff Stacey Allen was an individual residing in Amherst, Virginia.

2. Defendant FCA US LLC is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA US LLC (hereinafter "Dodge") manufactures a number of vehicle brands throughout the United States, including Chrysler, Jeep, Dodge and Ram vehicles.

3. Defendant and its subsidiaries, affiliates, and other related entities, and its respective employees were the agents, servants and employees of Defendant, and each was acting within the purpose and scope of that agency and employment.

4. Whenever reference is made to any act by Defendant or its subsidiaries, affiliates, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction for Defendant while engaged in the scope of their duties.

5. Plaintiff are unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names, and will ask for leave of Court to insert their true names when such have been ascertained.

# JURISDICTION AND VENUE

A. **Subject Matter Jurisdiction.**

6. This Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties, as follows:

    a. Plaintiff is a citizen of the State of Virginia.

    b. Defendant FCA US LLC is a Delaware Limited Liability Company. Defendant FCA US LLC's sole member is FCA North America Holdings, LLC. FCA North America Holdings, LLC is also a Delaware Limited Liability Company. FCA North America Holdings, LLC's sole member is Fiat Chrysler Automobiles, N.V., a publicly held Netherlands Corporation. Fiat Chrysler Automobiles, N.V., is headquartered in London, U.K. and its main operating facility is based in Italy. Based on the foregoing, FCA US LLC is a citizen of the state in which its sole member, FCA North America Holdings, LLC, is a citizen. FCA North America Holdings, LLC is a citizen of the state in which its sole member, Fiat Chrysler Automobiles, N.V. is a citizen. Fiat Chrysler Automobiles, N.V. is a Netherlands Corporation, headquartered in London and operating in Italy, and therefore its citizenship (and the citizenship of FCA US LLC and FCA North America Holdings, LLC) is either its place of incorporation (Netherlands) or its principal place of business (London or Italy).

      c.    Because Plaintiff is a citizen of Virginia and Defendant FCA US LLC is a citizen of either Netherlands, London or Italy, there exists complete diversity in this matter.

**B.    Personal Jurisdiction.**

7.    This Court has personal jurisdiction over Plaintiff Stacey Allen because she consents to such jurisdiction.

8.    This Court has personal jurisdiction over Defendant FCA US LLC, because it engages in significant business throughout the State of California, thus providing the State of California with general jurisdiction.

**C.    Venue.**

9.    Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendant FCA US LLC, as a limited liability company, is deemed to reside in any district in which it is subject to personal jurisdiction. The Plaintiff consents to the venue of the Court.

## FACTUAL ALLEGATIONS

10.    Plaintiff Stacey Allen is the owner of a 2010 Dodge Avenger Sedan (VIN: 1B3CC5FB1AN224863).

11.    In or about October 7, 2016, at approximately 1:00 p.m., Ms. Allen decided to take her 2010 Dodge Avenger to have its oil changed. On the way to have her oil changed, it began to mist outside.

12. The slight mist caused the road to become slippery. Although she was driving below the speed limit, in a manner safe for the then-current road conditions, Ms. Allen's Dodge Avenger began to slide and she lost control of the vehicle on a straightaway. The vehicle began to spin, hitting an embankment causing both front and rear end damage, and ripping the front end off of the vehicle.

13. Despite the fact that Ms. Allen collided with an embankment at nearly 55 miles per hour, her seat belt failed to secure her, and her air bags failed to deploy. Thus, upon impact Ms. Allen slammed into the steering wheel and side panel of her vehicle.

14. After the accident, Ms. Allen was disoriented. She exited her vehicle and could feel that she was bleeding. Thankfully, a passerby who witnessed the accident called an ambulance. The ambulance arrived shortly after the accident and transported Ms. Allen to a local hospital for treatment.

15. Upon receiving treatment, it was determined that Ms. Allen had fractured her eye socket, bruised her lung, and developed a hematoma in her brain. She was therefore admitted to the hospital for observation.

16. Ms. Allen remained in the hospital for three days, and thereafter was allowed to return home, but was placed on prolonged bed rest. As a result, Ms. Allen missed more than a month of work.

17. While at home on bed rest, Ms. Allen conducted research regarding the failure of her airbags to deploy and found that just days before her accident, on

October 1, 2016, Dodge issued a recall affecting her vehicle, which she had not yet received.

18. In initiating the recall, Dodge stated that:

> SUMMARY:
> The vehicles may experience loss of air bag and seat belt pretensioner deployment capability in certain crash events due to a shorting condition resulting in a negative voltage transient that travels to the occupant restraint controller via the front impact sensor wires.

19. As part of its recall, Dodge recognized the severe safety risk posed by a faulty seat belt pretensioner and the failure of airbags to deploy:

> SAFETY RISK:
> The potential loss of air bag and set belt pretensioner deployment capability in such crash events may increase the risk of an injury in a crash.

20. Moreover, despite acknowledging the risks associated with their recall, Dodge has done nothing to remedy vehicles containing the defect. As the vehicle's recall notes, "RECALL STATUS: Recall INCOMPLETE. Remedy not yet available."

21. The 2010 Dodge Avenger Sedan (VIN: 1B3CC5FB1AN224863) owned by Stacey Allen was designed, engineered, manufactured, assembled, inspected, tested, marketed, advertised and maintained by FCA US LLC (Dodge).

22. Ms. Allen operated and maintained her vehicle in conformance with the manufacturer's recommendations.

23. Prior to purchasing the vehicle, Ms. Allen saw and relied upon advertising campaigns from Dodge for its Avenger, including advertising brochures prepared by Dodge and disseminated by its dealer network, discussing the vehicle's reliability and safety features. Ms. Allen's motivation for purchasing the vehicle was to obtain a safely designed and manufactured, reliable vehicle for her personal use. Ms. Allen paid a premium for the vehicle because she believed it was safely designed, engineered, manufactured, assembled, inspected and tested.

24. Because FCA US LLC designed, engineered, manufactured, assembled, inspected, tested, marketed, advertised and maintained the 2010 Dodge Avenger containing a defect, it is liable for the acts and omissions alleged in this complaint.

25. Plaintiff through the use of reasonable diligence could not have discovered the defect in the 2010 Dodge Avenger she purchased prior to the accident alleged in this Complaint. Had the Plaintiff known about the defect, she would not have purchased the vehicle, would not have paid a premium price for the vehicle, and would not have retained and continued to drive the vehicle at a substantial risk to herself and those around her.

## COUNT ONE

## CLAIM FOR PRODUCTS LIABILITY - NEGLIGENCE

(By Plaintiff against Defendant)

26. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

27. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed the 2010 Dodge Avenger purchased and driven by Plaintiff.

28. Defendant owed a duty to use reasonable care in the design, engineering, testing, assembly, marketing, advertisement, inspection, maintenance, warning, sale and/or distribution of the subject vehicle, to avoid exposing the public and ultimate users, like the Plaintiff, to a foreseeable risk of harm.

29. Defendant breached said duty and is liable to the Plaintiff for one or more of the following negligent acts and/or omissions:

    a. Failing to use due care in the design, engineering, testing, assembly, marketing, advertising, inspection, maintenance, sale and/or distribution of the subject vehicle, and/or to utilize and/or implement reasonably safe designs in the manufacture of the 2010 Dodge Avenger purchased, registered and driven by Stacey Allen;

    b. Placing the subject vehicle into the stream of commerce or allowing it to remain in the stream of commerce knowing that its air bags and seatbelt pretensioners did not work properly, rendering it hazardous and dangerous for its contemplated and intended use, and thereby presenting an unreasonable risk of serious injury or death;

    c. Failing to provide adequate and proper warnings of the vehicle's propensity for the seat belt pretensioner and air bags to fail while being used in the manner for which it was intended;

      d.    Failing to incorporate or retrofit the 2010 Dodge Avenger purchased, registered and driven by Stacey Allen, with existing, reasonable safeguards and protections against the failure of the vehicle's seat belt pretensioner and air bags, when used in the manner for which it was intended;

      e.    Failing to adequately prevent, identify, mitigate and fix defective designs and hazards associated with the failure of the vehicle's seat belt pretensioner and air bags, in accordance with good engineering practices;

      f.    Failing to notify and warn Ms. Allen of consumer reports of sudden and unexpected failure of the vehicle's seat belt pretensioner and air bags thus misrepresenting the safety of the 2010 Dodge Avenger purchased by Plaintiff, and the model subject vehicle generally;

      g.    Failing to make adequate and timely corrections to the manufacture and design of the 2010 Dodge Avenger purchased by Plaintiff, and to the model vehicle generally, so as to prevent and/or minimize the effects and incidents of the failure of the vehicle's seat belt pretensioner and air bags; and,

      h.    Otherwise being careless and negligent.

30.    As a direct and proximate result of Defendant's actions as alleged herein, Stacey Allen suffered injuries on or about October 7, 2016, when the seat belt pretensioner and air bags failed during an accident in her 2010 Dodge Avenger.

31.     Defendant's actions as alleged herein were a substantial factor in causing Stacey Allen's damages.

32.     As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages in an amount to be proven at trial.

33.     As a direct and proximate result of Defendant's actions, inactions, and negligent and grossly negligent breach of the standard of care, Plaintiff has suffered damages including medical expenses, lost work and pain and suffering, in an amount to be proven at trial.

34.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, including mental anguish, in an amount to be proven at trial.

## COUNT TWO

## CLAIM FOR PRODUCTS LIABILITY – NEGLIGENT DESIGN

(By Plaintiff against Defendant)

35.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

36.     Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed the 2010 Dodge Avenger purchased and driven by Plaintiff.

37.     Defendant was under a duty to exercise ordinary care to design a product that was reasonably safe for the purpose for which it was intended.

38. Defendant failed to perform such duty.

39. Defendant's negligence in failing to design a reasonably safe product was the direct and proximate cause of Plaintiff's injury and damages.

40. As a direct and proximate result of Defendant's actions, inactions, and negligent and grossly negligent breach of the standard of care, Plaintiff has suffered damages including medical expenses, lost work and pain and suffering, in an amount to be proven at trial.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, including anxiety, mental anguish and fear of driving, in an amount to be proven at trial.

## COUNT THREE
## CLAIM FOR PRODUCTS LIABILITY –
## FAILURE TO WARN

(By Plaintiff against Defendant)

42. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

43. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed the 2010 Dodge Avenger purchased and driven by Plaintiff.

44. Defendant knew or had reason to know that the 2010 Dodge Avenger purchased and driven by Plaintiff, was, or was likely to be, dangerous for the use for which it was supplied.

45. Defendant had no reason to believe that those for whose use the product was supplied would realize its dangerous condition.

46. Defendant failed to exercise reasonable care to inform unsuspecting consumers, including Plaintiff, of the dangerous condition or of facts which made the vehicle likely to be dangerous.

47. As a direct and proximate result of Defendant's actions as alleged herein, Stacey Allen suffered injuries on or about October 7, 2016, when the seat belt pretensioner and air bags failed during an accident in her 2010 Dodge Avenger.

48. Defendant's negligent failure to warn was the direct and proximate cause of the Plaintiff's injuries.

49. Plaintiff is therefore entitled to damages in an amount to be proven at the time of trial.

50. As a direct and proximate result of Defendant's actions, inactions, and negligent and grossly negligent breach of the standard of care, Plaintiff has suffered damages including medical expenses, lost work and pain and suffering, in an amount to be proven at trial.

51. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, including anxiety, mental anguish and fear of driving, in an amount to be proven at trial.

## COUNT FOUR

## CLAIM FOR BREACH OF EXPRESS WARRANTY

(By Plaintiff against Defendant)

52. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

53. The subject vehicle was supplied to Stacey Allen by Defendant.

54. Defendant expressly warranted to the public, and to Plaintiff, that the subject vehicle could be used safely, for the purpose normally incident to its use, namely transportation.

55. Plaintiff relied on such warranties in purchasing and driving the subject vehicle.

56. The vehicle sold to and supplied to Stacey Allen was not as warranted. Such breach of warranty included, but was not limited to loss of air bag and seat belt pretensioner deployment capability in certain crash events due to a shorting condition resulting in a negative voltage transient that travels to the occupant restraint controller via the front impact sensor wires.

57. Defendant knew or should have known that the subject vehicle did not operate as warranted.

58. As a result of the failure of the vehicle to operate as warranted, Plaintiff suffered damages.

59. The failure of the subject vehicle to be as represented was a substantial factor in causing Plaintiff's damages.

60. Plaintiff is therefore entitled to monetary damages in an amount to be proven at the time of trial.

## COUNT FIVE
## CLAIM FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By Plaintiff against Defendant)

61. Plaintiff repeats every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

62. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed the subject vehicle.

63. The subject vehicle was sold and supplied to Stacey Allen by and through Defendant.

64. Pursuant to the Uniform Commercial Code, Defendant implied a warranty of merchantability concerning the subject vehicle that it was fit for the ordinary purposes for which such goods are used.

65. The product sold by Defendant and supplied to Stacey Allen was not of merchantable quality in that:

   a. The product was unreasonably dangerous; and,

   b. The unreasonably dangerous condition existed when the goods left Defendant's hands.

66. As a result of the failure of the subject vehicle to have the expected quality, the vehicle suddenly and unexpectedly suffered failure of the seat belt pretensioner and airbags during a collision, causing an increase in Plaintiff's physical injuries during the accident.

67. The failure of the subject vehicle to have the expected quality was a substantial factor in causing harm to Plaintiff.

68. Plaintiff is therefore entitled to monetary damages in an amount to be proven at the time of trial.

## COUNT SIX
## CLAIM FOR VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT OF 1977

(By Plaintiff against Defendant)

69. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

70. In or about 2012, Plaintiff Stacey Allen purchased a 2010 Dodge Avenger, manufactured by Dodge. The sale of the vehicle to Stacey Allen was a "consumer transaction" as defined in Section 59.1-198 of the Code of Virginia; the vehicle constitutes "goods" as defined in Section 59.1-198 of the Code of Virginia; FCA is a "supplier" as defined in Section 59.1-198 of the Code of Virginia; and Plaintiff are "persons" as defined in Section 59.1-198 of the Code of Virginia.

71. In the course of the transactions involving the sale of the 2010 Dodge Avenger, Dodge engaged in the following unfair and/or deceptive practices in violation of Section 59.1-200A of the Code of Virginia:

    a. Dodge misrepresented that the 2010 Dodge Avenger had certain characteristics or benefits, in violation of Section 59.1-200A.5, namely misrepresenting that the vehicle was safe for use;

    b. Dodge misrepresented that the 2010 Dodge Avenger was of a particular standard, quality, grade, style or model, in violation of Section 59.1-200A.6, namely misrepresenting that the vehicle was safe for use;

    c. Dodge used deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction, in violation of Section 59.1-200A.14, namely, fraudulently representing and misrepresenting to the public that the vehicle was safe for use, all the while knowing that the vehicle contained a deadly ignition switch defect.

72. On information and belief, Dodge intended that Plaintiff rely upon the above-described misrepresentations and omissions.

73. As a result of Dodge's fraud, misrepresentations and omissions, Plaintiff has been damaged in an amount to be proven at trial.

74. The above-described actions were committed by Dodge wilfully, wantonly and with reckless disregard of the rights of Plaintiff, and as such violate Sections 59.1-200A.5, 6 and 14, and entitle Stacey Allen to seek recovery of three times her actual damages, plus attorney's fees and costs, pursuant to Section 29.1-204 of the Code of Virginia.

**WHEREFORE,** Plaintiff prays that the Court award her:

Count One
1. Compensatory damages;
2. Emotional distress damages;
3. Pre-judgment interest as allowed by Virginia statute;

Count Two
1. Compensatory damages;
2. Emotional distress damages;
3. Pre-judgment interest as allowed by Virginia statute.

Count Three
1. Compensatory damages;
2. Emotional distress damages;
3. Pre-judgment interest as allowed by Virginia statute;

<u>Count Four</u>

1. Compensatory damages.

<u>Count Five</u>

1. Compensatory damages.

<u>Count Six</u>

1. Compensatory damages;
2. Treble damages pursuant to Code of Virginia Section 29.1-204;
3. Attorneys' fees and costs pursuant to Code of Virginia Section 29.1-204.

<u>All Causes of Action</u>

1. Costs of suit.
2. All other relief the Court deems necessary and proper.

**MLG Automotive Law, APLC**

Dated: December 23, 2016       By:       <u>/s/ Kathryn J. Harvey</u>
Jonathan A. Michaels, Esq.
Kathryn J. Harvey, Esq.
Kristen R. Rodriguez, Esq.
Attorneys for Plaintiff,
Stacey Allen

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

**MLG Automotive Law, APLC**

Dated: December 23, 2016         By:        */s/ Kathryn J. Harvey*
                                            Jonathan A. Michaels, Esq.
                                            Kathryn J. Harvey, Esq.
                                            Kristen R. Rodriguez, Esq.
                                            Attorneys for Plaintiff,
                                            Stacey Allen

19
**COMPLAINT**